JACOB IASER, Respondent, v. DAVID NELSON, Appellant.

Kansas City Court of Appeals, November 23, 1914.

MOTION FOR NEW TRIAL: Discretion of Trial Court. In passing upon a motion for new trial, much must be left to the discretion of the trial court. But, of course, there must not be an abuse of it.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Cooley & Murrell* for appellant.

(1) Instructions must not submit a false or erroneous issue, or basis of recovery nor assume controverted facts. And they should submit the theory of both sides. Wears v. Wiesburg, 152 Mo. App. 276; Joyce v. Transit Co., 111 Mo. App. 565; Dolman v. Pitt, 109 Mo. App. 133. (2) Defendant's motion for new trial should have been sustained also on account of the newly discovered evidence. It is material and important, going to the vital point of the controversy. Furniture Co. v. Investment Co., 127 Mo. App. 312; Standard Investment Co. v. Hoyt, 164 Mo. 124; Meisch v. Sippy, 102 Mo. App. 559; Howland v. Reeves, 25 Mo. App. 458.

*J. M. McCall* for respondent.

ELLISON, P. J.—Plaintiff's action is for the price of certain personal property sold to defendant. He obtained judgment in the circuit court.

The record shows that plaintiff sold his farm and crop and also some personal property. The principal question was whether the sale of the personal property was a part of the sale of the farm and crop for a lump price for all. Plaintiff claims it was not; that the sale of the personal property was separate at an agreed price. There was evidence tending to support the claim of each and we must accept the verdict of the jury as final, unless defendant's suggestion that there was error in plaintiff's instructions is found to be correct. We think there was not. They do not assume any of the issues as they developed in the trial. The sale of the property was admitted. The only controversy was whether it had been paid for and this involved collateral matters so connected with the transaction as to be relevant. But the question all along

was not whether there was a sale but whether there was payment. It would be altogether unreasonable to suppose that the jury was misled or did not understand the issue.

Defendant insists that his motion for new trial should have been sustained on the ground of newly discovered evidence. This was alleged to have been learned from two witnesses, each of whom it was claimed would testify to matters sustaining defendant's theory of the sale and payment. Counter affidavits as to the knowledge of these witnesses and what their testimony would amount to were filed. The trial court heard the application, considered the question of diligence and concluded no case was made on the motion which would justify a new trial and hence denied it. Much must be left to the discretion of the trial court, but, of course, there must not be an abuse of it. We have gone through the affidavits, the additional matter sent up from the original papers on file with the circuit clerk and have concluded that we are without cause justifying an interference and hence affirm the judgment. All concur.